Argued and submitted February 27, conviction affirmed, remanded for resentencing
July 3, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT SHERMAN BERRY,
*Appellant.*

(28871; CA A32583)

702 P2d 82

Sally L. Avera, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction for theft by deception, contending that there was insufficient evidence of guilt to support his conviction and that the restitution ordered by the court was improper. We affirm the conviction but remand for resentencing.

■        The record was sufficient to permit a jury to find beyond a reasonable doubt that defendant falsely represented the extent of fire damage to his truck to the insurance company on the risk, on the basis of which he was paid by the insurer an amount more than that to which he was lawfully entitled. At the time of the loss, the truck was subject to a security interest in favor of a finance company that had made a loan to defendant's company; defendant had advised the insurance company that there was no lien on the truck both at the time he purchased the insurance and again when he filed his claim for the fire damage.

The trial court ordered defendant to pay restitution to the insurance company in the amount of $250, the amount by which he misrepresented his claim, and also ordered that he pay restitution to the lender in the amount of $7,487, the balance of the amount paid defendant by the insurance company, which, presumably, would have been paid to the lender if the defendant had not misrepresented that there were no liens on the truck at the time of the loss. On appeal, defendant contends that it was error to order restitution to the lender; he argues that the lender was not a victim of the crime of which he was convicted. The state concedes that that portion of the restitutionary order was in error.

■        The indictment charged defendant with committing theft of personal property of more than $200, the property of the insurance company. Clearly, the insurance company is a victim. However, that the insurance company was a victim does not mean that there could not be another victim, such as the lender in this case. We cannot, however, on this record, tell whether the lender suffered damage as a result of defendant's misrepresentations to the insurance company. The lender had a security interest on other trucks of defendant's company for the same loan, and we have no way of knowing whether, if the money had been tendered to the lender, it would have applied it to the loan or would have turned the

money over to defendant because it was adequately secured for the balance of the loan.

Accordingly, we agree that, on this record, it was error to order defendant to pay restitution to the lender. We remand for resentencing.

Conviction affirmed; remanded for resentencing.